*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0578**

Garrett Kelly Erickson, petitioner,
Respondent,

vs.

Commissioner of Public Safety,
Appellant.

**Filed January 17, 2017
Reversed
Smith, John, Judge**[*]

St. Louis County District Court
File No. 69DU-CV-15-2618

Andrew T. Poole, Duluth, Minnesota (for respondent)

Lori Swanson, Attorney General, Dominic J. Haik, Assistant Attorney General, St. Paul, Minnesota (for appellant)

Considered and decided by Larkin, Presiding Judge; Jesson, Judge; and Smith, John, Judge.

_____

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**SMITH, JOHN**, Judge

We reverse the district court's order rescinding the revocation of respondent's driver's license because respondent failed to show a violation of the unconstitutional-conditions doctrine and because he did not make a procedural-due-process claim.

**FACTS**

St. Louis County Sheriff's Deputy Olsen responded to a report of a single vehicle accident. The vehicle's only occupant, respondent Garrett Kelly Erickson, was taken to a hospital for medical treatment.

At the hospital, Olsen arrested Erickson for driving while impaired (DWI) and read him the implied-consent advisory. Olsen informed Erickson that Minnesota law required him to take a test to determine if he was under the influence of alcohol, that refusal to take a test is a crime, and that he had the right to consult with an attorney before deciding whether to take a test. Erickson indicated that he wanted to consult with an attorney, a telephone was made available to him, and he made one phone call to his father.

Erickson then asked Olsen, "What would you like?" Olsen asked, "Blood?" Erickson replied "no." Olsen asked, "Urine?" Erickson replied "no." Olsen deemed Erickson to have declined to take a blood or urine test.

Appellant Commissioner of Public Safety revoked Erickson's driver's license for refusing to submit to a blood or urine test, and Erickson petitioned the district court for rescission of the license revocation. Erickson argued that he was entitled to rescission because "a warrantless search of [his] blood or urine would have been unconstitutional,

2

thereby implicating his fundamental right to be free from unreasonable searches" and violating his right to due process. Erickson's district court brief does not specify whether he is referring to substantive or procedural due process or both, but, in the petition for rescission of his license revocation, he cited *State v. Trahan*, which applied a substantive due-process analysis to the issue in the criminal context. 870 N.W.2d 396, 403-04 (Minn. App. 2015), *aff'd*, 886 N.W.2d 216 (Minn. 2016). He also argued that the implied-consent law violates the unconstitutional-conditions doctrine.

The district court granted Erickson's petition. The court reasoned that a warrantless blood or urine test would not have been constitutional under any of the exceptions to the Fourth Amendment's warrant requirement. Therefore, the court determined that the revocation of Erickson's driver's license violated his right to substantive due process because it was based on Erickson's refusal to consent to an unconstitutional search.

The Commissioner appealed. Erickson did not file a brief, so this court directed the appeal to proceed under Minn. R. Civ. App. P. 142.03.

**D E C I S I O N**

Under Minnesota's implied-consent law, any person who drives a motor vehicle in the state consents "to a chemical test of that person's blood, breath, or urine for the purpose of determining the presence of alcohol." Minn. Stat. § 169A.51, subd. 1(a) (2014). A test may be required when an officer has probable cause to believe a person was driving while impaired and the person has been lawfully arrested for DWI or involved in a motor-vehicle accident resulting in property damage or personal injury. *Id.*, subd. 1(b)(1), (2) (2014). When "a test is requested, the person must be informed: (1) that Minnesota law requires

3

the person to take a test . . . to determine if the person is under the influence of alcohol . . . [and] (2) that refusal to take a test is a crime." *Id.*, subd. 2(a)(1)(i), (a)(2) (2014). If a person refuses a test, "a test must not be given." Minn. Stat. § 169A.52, subd. 1 (2014). But the commissioner must revoke the person's driver's license. *Id.*, subd. 3(a) (2014).

The supreme court recently held that a driver "cannot be prosecuted for refusing to submit to an unconstitutional warrantless blood or urine test." *State v. Thompson*, 886 N.W.2d 224, 234 (Minn. 2016). The United States and Minnesota Constitutions protect individuals from unreasonable searches and seizures. U.S. Const. amend. IV; Minn. Const. art. I, § 10. Taking a blood or urine sample is a search under the Fourth Amendment. *State v. Brooks*, 838 N.W.2d 563, 567-68 (Minn. 2013).

Citing *Stevens v. Comm'r of Pub. Safety*, 850 N.W.2d 717 (Minn. App. 2014), the commissioner argues that the rescission of Erickson's driver's license should be reversed. *Stevens* involved a challenge to the revocation of a driver's license under the implied-consent law for refusing to submit to a urine test. 850 N.W.2d at 720-21. The driver argued "that Minnesota's implied-consent statute violates the unconstitutional-conditions doctrine because it imposes on a driver a choice between, on the one hand, relinquishing the Fourth Amendment right to be free from an unreasonable search and, on the other hand, relinquishing a license to drive a motor vehicle." *Id.* at 723.

The *Stevens* court stated, "Because this is a civil action, we need not decide whether [the driver] has been subjected to an unconstitutional condition on her Fourth Amendment rights by the criminal consequences of a refusal to submit to chemical testing." *Id.* at 724. The court then concluded that the driver's unconstitutional-

4

conditions argument failed for several reasons, including that "there is no authority for the proposition that the unconstitutional-conditions doctrine applies to a constitutional challenge based on the Fourth Amendment." *Id.*

Under *Stevens*, Erickson's challenge to the revocation of his driver's license based on the unconstitutional-conditions doctrine fails. Because Erickson did not raise a procedural-due-process claim, he is not entitled to rescission of the revocation on that basis. Accordingly, we reverse the district court's order rescinding the revocation of Erickson's driver's license.

**Reversed.**